JOHN S. MORROW, Respondent, v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellants.

Kansas City Court of Appeals, February 20, 1888.

NEGLIGENCE—EVIDENCE OF FACT OF KILLING STOCK—CASE ADJUDGED. The court considers and so holds that the evidence in this case is ample to justify the conclusion that the animal was struck by defendant's cars ; and that defendant's negligence was satisfactorily shown. (PHILIPS, P. J., dissents).

APPEAL from Macon Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

STRONG & MOSMAN, for the appellant.

I.   All the allegations of the petition, as respects the accumulation of brine upon and near defendant's track, alleged as negligence, causing the injury complained of, are insufficient to constitute a cause of action.  *Crafton v. Railroad*, 55 Mo. 580.  Defendant is not charged to have had any connection with the act of depositing the attraction upon its own premises, and thus procuring the presence of the animal, and thereby, in effect, undertaking the duty of anticipating the presence of cattle, and of protecting them, while there, from harm.  The complaint does not aver that defendant knew the fact that the attraction was there, nor does it aver facts which show the duty of ascertaining the fact, nor facts which show opportunity to know the fact.  There is no allegation as to the time when such knowledge was acquired, nor of the time the fact existed prior to the accident, nor the length of time during which defendant might reasonably be expected to remove the dangerous attraction.  There are no facts alleged showing any duty due from defendant to plaintiff, in respect to the presence of the brine at the place named, nor any facts relating to a disregard of such duty.  *Schooling v. Railroad*, 75 Mo. 520 ; *Lloyd v. Railroad*, 49 Mo. 199.  Defendant was not bound to fence its depot grounds.  *Lloyd case, supra.*  The suffering of brine to be on the defendant's premises was not, and could not be the proximate cause of the injury.  *Gilliland v. Railroad*, 19 Mo. App. 417–18.  The *onus* is upon plaintiff to make out his case by proof of some negligence which caused the injury.  The only allegation which avers negligence which could proximately cause the injury, is in that it charges negligent running of the train.  To support that allegation there is no proof offered or given.

II.   The court erred in giving the instruction asked by plaintiff.  Liability is predicated solely on the find-

ing, "that defendant negligently suffered brine or other substance to accumulate on or near its track, where the cow was killed, and knowingly permitted it to remain there * * * That plaintiff's cow was attracted to that place and killed by reason of such accumulations." It does not submit the issue of negligence in running the train, thus ignoring one of the issues—indeed, the only real issue. *Bank v. Westlake*, 21 Mo. App. 565. It goes beyond the issues in another direction, viz., it predicates the right to recover upon a finding that defendant "knowingly permitted the brine to remain there." This is not alleged. *Melvin v. Railroad*, 89 Mo. 106 ; *Storms v. White*, 23 Mo. App. 31. There is no evidence from which the jury could find that defendant "knowingly" did so. *Bean v. Railroad*, 20 Mo. App. 641. The proof proceeded upon the theory that defendant did not know, but was faulty in failing to learn it. The proof was, that others, in such numbers, knew the fact, that defendant ought to have known it. The negligence consisted in the neglect to know it. The instruction did not limit the damages to the amount claimed in the petition. It declares the act of suffering brine to accumulate on the track, negligence *per se*. *Morris v. Railroad*, 58 Mo. 78; *Swearingen v. Railroad*, 64 Mo. 75. It ignores the contributory negligence of plaintiff. *Milburn v. Railroad*, 86 Mo. 109; *Buesching case*, 73 Mo. 229. The court erred in refusing to instruct, as prayed by defendant, that, "under the pleadings and evidence, the verdict must be for defendant." Cases cited *supra*.

III. The court erred in overruling motion for new trial. Cases cited *supra*.

IV. The court erred in overruling defendant's motion in arrest of judgment for reasons therein stated.

V. The record, consisting of the petition and instructions given and refused, is wholly insufficient to sustain the judgment in plaintiff's favor. Cases cited *supra*.

B. R. Dysart, for the respondent.

I.   There is nothing in this case to distinguish it from the doctrine laid down in *Crafton v. Railroad*, 55 Mo. 570, and reaffirmed in *Schooling v. Railroad*, 75 Mo. 518.

II.   If the complaint was too indefinite and uncertain, the remedy of defendant was by motion to render more specific. *Melvin v. Railroad*, 89 Mo. 106.

III.   The objection that the court's instruction is broader than the allegations of the complaint, is not well taken.   If the complaint states a good cause of action, then the instruction is decidedly favorable to the defendant.   The court required the jury to find that defendant "knowingly permitted the same to remain there," etc.   But in fact there is no repugnance or variance as between the complaint and the instruction.   If the defendant "negligently and carelessly permitted brine and other rubbish to accumulate and collect on its track," the fair presumption, the necessary inference, is that it did so knowingly; and it would have been matter of valid objection, under the complaint, to have allowed the jury to find for plaintiff without defendant's knowledge of such accumulations on the track.

IV.   It was agreed at the trial that the appraised value of the cow was thirty dollars, and the verdict was for thirty dollars.

V.   The evidence shows that an artificial salt-lick had formed within defendant's switch limits, in a deep cut, near the depot at Callao, by reason of a brine spout emptying there; that it had so remained for about four years; that it attracted and allured cattle; and that many cattle had been struck and killed there. And the evidence tends to show that this cow was attracted there and killed by defendant's cars.   The defendant had the right, and it was its duty, to prohibit this use of its grounds by the refrigerator company, and, failing to do so, it is guilty of negligence.

VI. The jury find that these accumulations had the effect of attracting cattle, and causing them to collect there, "and that plaintiff's cow was attracted to that place and killed by reason of such accumulation." And there being evidence to support the verdict, it should not be disturbed.

STRONG & MOSMAN, on motion for rehearing.

I. The court, in its decision, overlooked and failed to decide the fact or question decisive of the cause as presented by appellant's counsel in their brief; that there was an entire failure of proof of "a direct connection between the negligent act," viz., that "defendant negligently suffered brine to accumulate on and near its track where the cow was killed, and knowingly permitted the same to remain there, * * * attracting plaintiff's cow to that place," and the further act of running the train upon and against, and killing of the cow thereby. The court overlooked the fact that the petition alleged a "negligent running of the train upon and against said cow." The court overlooked the fact that there was, as remarked in appellant's brief, no offer of testimony or proof as to the manner of running the train. The court overlooked the fact that plaintiff's only instruction ignored the allegations of his petition, that there was such negligent running of the train. The court overlooked the fact that the jury were directed to find for plaintiff, regardless of the conduct of defendant's servants running the train at the time and place of the accident. Liability is predicated in the instruction solely on the ground that "defendant negligently suffered brine or other substance to accumulate on or near its track, where the cow was killed, * * * and that plaintiff's cow was attracted to that place and killed solely by reason of such accumulation." The court overlooked the fact that there is no complaint or proof of fault in defendant as to fencing its track at the point where the cow was struck.

II. The decision is in conflict with controlling decisions of the Supreme Court of this state, and of the courts of appeals. *Clemens v. Railroad*, 53 Mo. 370; *Swearingen v. Railroad*, 64 Mo. 75; *Morris v. Railroad*, 58 Mo. 78; *Brown v. Railroad*, 20 Mo. App. 230; *Henry v. Railroad*, 76 Mo. 294; *Harlan's case*, 65 Mo. 25; *Mathison v. Mayer*, 90 Mo. 585; *Bank v. Westlake*, 21 Mo. App. 565.

ELLISON, J.—This action is to recover single damages for killing plaintiff's cow, in Callao township, Macon county. Plaintiff recovered and defendant appeals. The case was begun before a justice of the peace, the statement charging that defendant, by its employes, negligently and carelessly permitted brine and other rubbish to accumulate and collect on and near its track, which attracted cattle and caused them to collect at that point. Defendant offered no evidence, but demurred at the close of that offered by plaintiff. The instruction given at the instance of plaintiff properly covered the issues in the cause, and we have, therefore, only to consider the sufficiency of the evidence.

It appears that a large refrigerator was owned by several merchants, and was situated about one hundred yards from defendant's track. The owners "used ice, salt, and other things in the refrigerator, and drained it by leading a tube from the bottom of it to the railroad embankment. The drainage from the refrigerator ran down into the cut from the mouth of this tube or spout." By this means the ground became saturated with brine, and cattle congregated there to lick. It was shown that this condition of affairs had existed for more than a year, and that it was notorious that cattle were being attracted by this drainage, and that many had been killed at that point by defendant's cars.

No one saw the cow struck, but one witness "found hair on the ties, and the ground dragged just opposite where the spout comes out and toward the west."

We consider the evidence ample to justify the conclusion that the animal was struck by defendant's cars; and the length of time that the drainage had existed there, and that cattle were attracted by it, together with the fact of several having been killed at that point, we consider was ample to justify the conclusion that defendant knew of it, and negligently permitted it to remain.

The judgment is affirmed. Hall, J., concurs; Philips, P. J., dissents.